UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | CAUSE NO. 3:09-CR-00003(01) RM |
| | ) | |
| LOUIS H. YOUNG | ) | |

OPINION and ORDER

Louis Young has moved to dismiss the indictment in this action, charging him with two counts of distributing N-Benzylpiperazine (BZP), a Schedule I controlled substance. Mr. Young claims that the Attorney General's listing of BZP as a Schedule I controlled substance was improper under Title II (the Controlled Substances Act) of the Comprehensive Drug Abuse Prevention and Control Act of 1970, 21 U.S.C. § 801 *et seq.* According to Mr. Young, the DEA (with power delegated to it by the Attorney General) "failed to follow the rulemaking requirements established by Congress in 21 U.S.C. § 811 by misconstruing and misstating the available scientific evidence upon which the DEA purported to rely." Mr. Young says the DEA's notice published in the Federal Register proposing BZP's permanent placement onto Schedule I stated that medical studies revealed BZP to be more potent than amphetamine, when, in fact, the opposite is true. Mr. Young claims that because the DEA relied on an incorrect characterization of the medical evidence relating to BZP, its consideration of the factors listed in 21 U.S.C. § 811(c) was improper. Mr. Young concludes that the resulting inclusion

of BZP on the Schedule I controlled substances list was contrary to law, so the charges against him should be dismissed.

The government responds that Mr. Young's motion should be denied for a number of reasons: the DEA properly considered the necessary factors and make the requisite findings when placing BZP on Schedule I; Mr. Young has no legal basis to challenge the DEA's decision; and even though the Federal Register contained misstatements relating to the potency of BZP, the original data relied on by the DEA was accurate and didn't contain the misstatements, so the misstatements in no way affected the validity of the BZP scheduling.

Adding a substance to a schedule under the Controlled Substances Act, 21 U.S.C. §§ 801-904, requires the Attorney General to follow specific procedures:

> First, the Attorney General must request a scientific and medical evaluation from the Secretary of Health and Human Services, together with a recommendation as to whether the substance should be controlled. A substance cannot be scheduled if the Secretary recommends against it. 21 U.S.C. § 811(b). Second, the Attorney General must consider eight factors with respect to the substance, including its potential for abuse, scientific evidence of its pharmacological effect, its psychic or physiological dependence liability, and whether the substance is an immediate precursor of a substance already controlled. 21 U.S.C. § 811(c). Third, the Attorney General must comply with the notice-and-hearing provisions of the Administrative Procedure Act, 5 U.S.C. §§ 551-559, which permit comment by interested parties. 21 U.S.C. § 811(a).

Touby v. United States, 500 U.S. 160, 162-163 (1991). The Act further provides that an aggrieved person may "challenge the scheduling of a substance by the Attorney General in a court of appeals." *Id.* at 168 (*citing* 21 U.S.C. § 877); *see also* John Doe, Inc. v. Drug Enforcement Administration, 484 F.3d 561, 568 (D.C. Cir.

2007) ("21 U.S.C. § 877 vests exclusive jurisdiction in the courts of appeals over '[a]ll final determinations, findings, and conclusions' of the DEA applying the CSA."); John Doe, Inc. v. Gonzalez, No. 06-966, 2006 WL 1805685, at *18 (D.D.C. Jun. 29, 2006) ("A plain reading of Section 877 indicates that jurisdiction over challenges to the DEA's determinations under the CSA rests exclusively with the Court of Appeals; indeed, the statute itself provides no other explicit avenue for judicial review and relief.").[1]

The misstatements of which Mr. Young complains were published in the Federal Register on September 8, 2003 in the DEA's Notice of Proposed Rulemaking relating to placement of BZP onto Schedule I. *See* 68 Fed. Reg. 52,872 (Sept. 8, 2003). Comments, objections, or requests for a hearing relating to that proposed rule were required to be submitted in writing on or before October 8, 2003. The temporary scheduling of BZP as a Schedule I controlled substance was extended to March 19, 2004, *see* 68 Fed. Reg. 53,289 (Sept. 10, 2003), and the final rule permanently placing BZP onto Schedule I was issued March 18, 2004. *See* 69 Fed. Reg. 12,794 (Mar. 18, 2004); *see also* 21 C.F.R. § 1308.11(f). Pursuant to 21 U.S.C. § 877, then, Mr. Young had thirty days after issuance of that final rule, or until April 19, 2004 (April 17, 2004 was a Saturday), to file suit in the

---

[1] 21 U.S.C. § 877 provides that "[a]ll determinations, findings, and conclusions of the Attorney General under this chapter shall be final and conclusive decisions of the matters involved, except that any person aggrieved by a final decision of the Attorney General may obtain review of the decision in the United States Court of Appeals for the District of Columbia or for the circuit in which his principal place of business is located upon petition filed with the court and delivered to the Attorney General within thirty days after notice of the decision."

United States District Court for the District of Columbia (or, assuming Mr. Young had a business, in the circuit in which his principal place of business was located) challenging the rule and/or the DEA's actions in connection with promulgation of the rule. But because Mr. Young waited more than four years, until February 9, 2009, and filed his challenge to the DEA's actions in this court, he isn't entitled to the relief he seeks.

The court lacks jurisdiction to consider Mr. Young's challenge to placement of BZP on the list of Schedule I controlled substances and so needn't address the government's arguments relating to the DEA's consideration of and conclusions about BZP under the factors set forth in 21 U.S.C. § 811(c). Mr. Young's motion to dismiss [docket # 11] is DENIED.

SO ORDERED.

ENTERED:  March 30, 2009

/s/ Robert L. Miller, Jr.
Chief Judge
United States District Court